Appeal No. 1-77. May 13,1977
"Plaintiffs move to dismiss an appeal filed by one Guy Martin, a former attorney for the Seminole Indians of the State of Florida, on the grounds that the court is without jurisdiction- to hear the appeal. The appeal is from an 'Order Allowing Attorneys’ Fee and for Other Purposes,’ issued by the Indian Claims Commission. The order, in effect, granted four attorneys and one estate of an attorney one million six hundred thousand dollars ($1,600,000.00) in contract attorneys fees for services rendered. The order dismissed Guy Martin’s application for allowance of attorneys fees.
"Plaintiffs allege that this court has no jurisdiction to decide the issue presented, since Guy Martin was not a contract attorney for plaintiffs, but was rather associated with contract attorneys. In addition, plaintiffs claim Mr. Martin did not have an assigned interest in any contract with plaintiffs, as the Indian Claims Commission so found.
"Guy Martin, in response, argues that plaintiffs’ contentions are irrelevant to the question of whether this court has jurisdiction to hear the appeal because plaintiffs’ argument addresses the merits of the Indian Claims Commission’s decision. The merits, states Mr. Martin, are waiting in the wings, so to speak, for their day in court.
*763 "We agree with Mr. Martin. Plaintiffs’ argument that the court is without jurisdiction is properly addressed to the Commission, not this court. As recently as last year we spoke to the question of appellate jurisdiction over final orders of the Indian Claims Commission:
Section 20(b) of the Indian Claims Commission Act, 25 U.S.C. §70s(b), provides for an appeal to this court from any 'final determination’ of the Commission. We have already ruled that this provision is not limited to those determinations deciding the merits of an Indian entity’s claim but embraces all types of holdings made by the Commission, provided always that the requisite finality is present. Red Lake & Pembina Bands v. Turtle Mountain Band of Chippewa Indians, 173 Ct. Cl. 928, 934-35, 355 F.2d 936, 939-40 (1965). 'The Act nowhere suggests that certain areas of Commission decision are to be left without appellate review and guidance; * * *. Nor does the legislative history intimate that this court’s power to review should cover fewer subjects than the Commission’s power to decide.’ Id.
Western Shoshone Legal Defense & Education Association v. United States, 209 Ct. Cl. 43, 49, 531 F.2d 495, 497-98, cert. denied, 429 U.S. 885 (1976). See also Sisseton & Wahpeton Bands or Tribes v. United States, 191 Ct.Cl. 459, 461, 470, 423 F.2d 1386, 1387, 1391-92(1970).
"Since there is no dispute that the subject appeal involves a final order of the Indian Claims Commission in accordance with Western Shoshone, supra, there is also no question but that this court has jurisdiction to hear the appeal.
"However, as Mr. Martin points out, having jurisdiction to hear an appeal and actually addressing the merits of the appeal are two different things. In order to insure full consideration of the merits we have decided to order briefing on the issue of whether the Indian Claims Commission properly dismissed Mr. Martin’s claim to attorney’s fees.
"On the basis of the foregoing, and upon consideration of the briefs of parties, but without oral argument, it is ordered that plaintiffs’ motion to dismiss is denied and that appellant in this case (Mr. Martin) is to file a brief *764 within thirty days of this order to which appellees (plaintiffs) may respond within thirty days. Appellant then has twenty days in which to file a reply brief.”
Paul M. Niebell, attorney of record for appellee Seminole Nation of Oklahoma.
Roy L. Struble and Charles Bragman, attorneys of record for appellee Seminole Indians of the State of Florida.
Before Davis, Judge, Presiding, and Nichols, Judge.
Appeal No. 2-77. May 27,1977
"This is a motion to dismiss an appeal by Effie Knowles, a former attorney for the Seminole Indians of the State of Florida, on the ground that this court is without jurisdiction to hear the appeal. Effie Knowles appeals from the final order of the Commission (dated November 19, 1976) allowing attorneys’ fees and rejecting her request for an award of separate fees to each attorney.
"A comparable appeal (Appeal No. 1-77) was filed by Guy Martin from the Commission’s order allowing attorneys’ fees in this same matter. A motion to dismiss the appeal was also filed in Appeal No. 1-77 by the same parties and the same attorneys as have filed the instant motion to dismiss. In an order dated May 13, 1977, the court denied the motion to dismiss, holding that we have jurisdiction of an appeal from any 'final determination’ of the Commission and that the fee orders here involved constituted such a "final determination.”
"We make the same ruling here, but also take the opportunity, as we did in Appeal No. 1-77, to accelerate the briefing schedule on the merits of the appeal, i.e. the correctness of the Commission’s ruling on Ms. Knowles’ requests for a separate award.
"it is therefore ordered, without oral argument, that appellees’ motion to dismiss the appeal is denied, and that *765 appellant in this case (Effie Knowles) is to file her appellate brief (i.e. on the issue of whether the Commission properly refused to make a separate award to her) within thirty days of this order to which appellees may respond within thirty days; appellant will then have twenty days in which to file a reply brief.”
Appeals Nos. 1-77 and 2-77. June 22, 1977
"These cases come before the court on stipulations, filed June 21, 1977, asserting therein that it is stipulated by and between the parties thereto, acting on their own behalf or by their respective counsel of record, that an order may be entered dismissing the appeals, 'all matters in controversy having been settled and resolved.’ Upon consideration thereof, without oral argument,
"it is ordered that these appeals be and the same are dismissed.”